## City of Franklin v. Williams

*Maurice P. Greene*, for plaintiff.

*John V. Wherry* and *H. Carl Wasson*, for defendant.

McCRACKEN, P. J., March 12, 1934. — On December 12, 1932, the City of Franklin, a city of the third class, adopted Ordinance no. 754, entitled as follows: "An ordinance prohibiting the vending, hawking, or peddling of goods, wares, merchandise, and other articles in or upon the public streets of the City of Franklin, Pa., or from house to house within said city, and providing penalties for the violation of this ordinance."

The above-named defendant was arrested, charged with a violation of the above-cited ordinance, and after hearing before J. B. Elliott, an alderman, was adjudged guilty and sentenced to pay a fine of $5 and costs. The defendant has taken an appeal at the above number and term and attacks the authority of the City of Franklin to pass and enforce such an ordinance, claiming that the same is in violation of the acts of assembly regulating hawking and peddling.

The first act in the Commonwealth with respect to hawking and peddling is the Act of March 28, 1799, 3 Sm. L. 359. An examination of this statute will disclose that it was passed to enable "a citizen of the United States, and who, from age, loss of limb, or other bodily infirmity, shall be disabled from procuring a livelihood by labor." It is evident that this law was passed in order to permit those who had been disabled in the Revolutionary War to earn a livelihood. To avoid special legislation, it was necessary to make the act one of

general application. The statute last cited was followed by the Act of April 16, 1840, P. L. 433, which in almost identical terms limits the licensing to hawk and peddle to the same class of persons. The Act of 1840 was amended by the Act of May 9, 1889, P. L. 150. The Act of 1889 must be construed in the light of former acts, since it is an amendment thereof. However, the last-cited act contains the following proviso: *"Provided,* That this act shall not be construed to prevent citizens of this Commonwealth from hawking and pedling goods of their own manufacture, by themselves or through their authorized agents."

Our attention has been directed to the Act of June 14, 1901, P. L. 563, which provides for the issuance of licenses "to hawk, peddle or sell, within the county where such license is granted, clothing, dry goods, notions, crockery and tinware". It is to be noted that section 3 of this act provides as follows: "This act shall not affect cities of the first second and third classes, nor any existing local or special laws now in force."

It is conceded in this proceeding that Franklin is a city of the third class, and therefore the act last cited has no application.

We have been furnished with comprehensive and helpful briefs by counsel for both prosecutor and defendant in which have been cited a large number of cases dealing with the right of municipalities to limit peddling, hawking, vending, and selling within their territorial limits. We have read and considered all these cases and find that those which hold contrary to the view we express hereinafter are easily distinguishable from the instant case. The nearest approach to the case now under discussion is Commonwealth v. Bauer, 24 Dist. R. 210. This case involved the construction of an ordinance passed by the City of Philadelphia with respect to the obtaining of a license in order to vend certain articles of merchandise within the said city. The defendant was a salaried employe of the manufacturer. We quote from the opinion of the court (p. 213):

"It is a well settled rule of law, universally applicable, that a municipal ordinance is nothing more or less than a by-law of a municipal corporation. A municipal corporation is a creature of the Commonwealth, and the municipality, by the action of the legislature of the Commonwealth, approved by the Governor as the chief executive, could, for proper reasons, be changed, or even repealed, and as such municipality, it would have 'no more right to enact an ordinance which is in conflict with the common or statute law of the state than has any other corporation chartered by the authority of the state.'

"It is also equally as well settled as a principle of law 'that what the state has licensed, or expressly confirmed, the municipality cannot forbid.'

"It has always been the policy of the Commonwealth of Pennsylvania, in the interest of its trade and commerce, to permit the manufacturer of goods within the state, and his authorized agent, to hawk and peddle such goods so manufactured in the state at will, as the municipal corporation derives whatever power it has from the sovereignty of the state, and as a creature of the state 'it must always be subject to the will of its creator.' Hence, an ordinance of a municipality is 'but the product of the legislative power conferred upon it, and if such ordinance transcends the power given to it by the legislature,' it is bad."

It is admitted that the defendant was the agent of Ideal Baking Company of Grove City. He and his predecessor had established a route in the City of Franklin, consisting of customers who bought regularly and also other customers who purchased from time to time. Under the terms of the Act of 1889, the legislature prevented even the Commonwealth from interfering with the right of the manufacturer to peddle, hawk, sell, and vend his wares within the

State. Since the Commonwealth cannot interfere with the right of a manufacturer to dispose of his goods as provided in the act last cited, much less can a municipality interfere with such right. It is not within the power of a municipality, a creature of the State, to prohibit something which the superior power, namely, the Commonwealth, cannot prohibit.

We are in sympathy with the objects and purposes of ordinances such as the one under discussion here, but we are compelled in disposing of this matter to follow the law as enacted by the legislature. We are of opinion that the ordinance as enacted is in direct violation of the privileges and rights given under the Act of 1889 and is therefore void. We do not mean by this that the ordinance is void in its entirety, but is invalid insofar as it attempts to prevent "citizens of this Commonwealth from hawking and peddling goods of their own manufacture, by themselves or through their authorized agents."

Let us assume that there is no legislation relative to the right of a citizen of the Commonwealth to hawk, peddle, sell, and vend goods, wares, and merchandise within the State. Certainly the various municipalities would be free to restrict, limit, or absolutely prohibit by proper legislation the carrying on of any business within their respective borders which, under the police powers thereof, could be so restricted, limited, or prohibited. However, in the statute of 1889 the legislature has spoken, and thus has prevented or prohibited the very legislation which, in the absence of such pronouncement, would have been within the legislative powers of the several municipalities. In other words, the provisions of the above-cited act have reserved to certain specified classes—namely, manufacturers within the State—a right which, in the absence of such provisions, would have been lost.

"A municipal corporation cannot, without special authority, prohibit what the policy of a general statute permits. Nor, on the other hand, can an ordinance permit that which the state's policy forbids. Consequently under a general grant of power, a municipal corporation cannot adopt ordinances 'which infringe the spirit, or are repugnant to the policy, of the state as declared in its legislation.' It thus follows that if the state has expressed through legislation a public policy with reference to a subject, a municipality cannot ordain in respect to that subject to an effect contrary to, or in qualification of the public policy so established, 'unless there is a specific, positive, lawful grant of power by the state to the municipality to ordain otherwise; in which event the specific, positive, lawful grant is from the same source of authority that may and has been expressed through legislation, the policy of the state'": 2 McQuillan, Municipal Corporations (2d ed.) 572, sec. 685.

An examination of the several statutes of the Commonwealth with respect to merchandising and carrying on and engaging in mercantile pursuits by the citizens thereof will reveal a public policy which comprehends the fullest and freest exercise therein. It is not the policy of this State, as indicated by legislative expression and judicial decision, to hamper the free exchange of goods and the right of the citizens thereof freely to engage in legitimate business, and no interference therewith is permitted except when the general welfare, health, or morals of the community are jeopardized or endangered. In the light of the authorities quoted, which, in our opinion, govern the instant case, the following order is made:

And now, March 12, 1934, for the reasons above given, the proceedings are quashed and the sentence of the defendant set aside, and he is hereby discharged.

From John F. Budke, Franklin, Pa.